Daniel, Judge.
 

 — This is a petition for distribution, filed by the next of kin of Andrew Young, deceased, against the administrator with the will annexed. The question submitted for the opinion of this court is, whether the widow is entitled to the slave, Stanford, as a specific legacy, under the will of her husband, Andrew Young? It is contended on behalf of .the widow, that if the court should not construe the will as giving her the slave as a specific legacy, the whole will would be but a nullity; as there are no other legacies given, and the testator died without children. The law, they say, would give her one-third of his personal property. The words of the will creating the legacy are as follows: “I wish her” (his wife) “ to get Stanford, in her third of the property, if she chooses.” After examining the whole will, it seems to us, and we so declare our opinion to be, that the testator intended that his wife should have but a third of his property ; and that the slave, Stanford, did not pass as a specific legacy. The testator meant that the slave in question should, if the wife wished it, be taken by her in making up the payment and satisfaction of her third of the property. He thought, for the reasons given by him, that his wife would prefer a payment, or part payment, of her third of the property, (not knowing the amount,) by taking Stanford at valuation. He, therefore, gave her the power of taking him at a fair valuation. It is very likely that the testator expected that one-third of his property would be more in amount than the price of the slave; but it has
 
 *362
 
 turned out otherwise. The court is of the opinion that, in taking the account, the widow may elect to have the slave at a fair valuation, and account to the administrator for so much of the valuation as shall appear to be above her one “
 
 third part of the property”
 
 of the testator. The judgment below is affirmed; and this opinion will be certified to the superior court of law for the county of Rutherford.
 

 Per Curiam. Judgment affirmed.